Samuels, J.
It appears in the record, that Arnold sold to McQuain a tract of land, on credit, taking bonds for the price, payable in installments, for which the vendor’s implied lien was kept in existence : That one of these bonds for the purchase money was assigned by Arnold to Romine, who, of course, succeeded to Arnold’s right to charge the amo.unt of the bond on the land in the hands of the vendee. McQuain sold to Cox a part of the land bought of Arnold, for the price of 255 dollars 26 cents, the amount of principal and interest due on the bond held by Romine. By an arrangement between McQuain, Cox and Romine, Cox executed his bond to Romine for the price agreed on: This was done before Cox received his conveyance from McQuain. In this bond it is stated to have been given for the purchase money of land therein described, which is sufficiently identified with the land bought of McQuain. It appears with sufficient clearness, that Romine and Cox intended to preserve the lien upon the land for this debt. After Cox had contracted with McQuain for the purchase, and before McQuain had made any conveyance to him, Cox contracted in writing to sell the land to McWhorter for 500 dollars, and put him in possession.
Although Cox has since received a deed from McQuain, it does not appear that he has conveyed to McWhorter. In this state of things Romine filed a bill against Cox and McWhorter, asserting that a lien on the land exists for the purchase money, and seeking to enforce it.
*29 Without expressing any opinion on the question, whether a lien may be implied, in case a vendee gives a bond for purchase money, to a person not standing in the relation of vendor, without anything to show that such was .the intention of the parties; yet in this case as the bond assigned by Arnold to Romine was a lien, and as the bond executed by Cox to Romine was given in lieu of that bond, and contains a recital from which we must infer that the lien was intended to exist, I am of opinion that as between Romine and Cox the lien is in full force.
McWhorter', who is in possession, defends himself against Romine’s claim, upon the ground that he made his contract with Cox and paid him a large portion of the purchase money, without notice of the lien: Thus the question is presented whether the lien held by Romine or the equitable title held by McWhorter shall prevail.
It may be laid down as a general rule, that between mere equities, equal in all other respects, the elder shall prevail. If however the junior claimant shall have an advantage at law, or superior equity, such party shall prevail. See the cases referred to, 2 White and Tudor’s Leading Cases, p. 1; Moore v. Holcombe, 3 Leigh 597 ; Judge Cabell’s opinion in Doswell v. Buchanan's ex'ors, 3 Leigh 365; Bayley v. Greenleaf, 7 Peters’ R. 46. Considering the secret nature of Romine’s lien; that McWhorter was permitted to take possession of the property, hold it for a time and make payments for it without notice of that lien, I am of opinion his equitable title should prevail over Romine’s lien, to the extent of the payments made without notice. This I deem right notwithstanding the case of Beirne's ex'ors v. Campbell, 4 Gratt. 125, which seems to decide otherwise.
Obvious considerations require that all liens or conveyances concerning real property, shall be recorded. *30 Purchasers, relying upon the records for information, may he misled and defrauded, if secret and unknown liens or conveyances may be set up to their prejudice, after fairly paying money for their purchases,; nor is the injury the less because they may have only equitable titles.
.In our case it is not likely .that any degree of diligence would have apprised McWhorter -of Romine’s lien. He could reasonably be expected to make enquiry only of such persons as were mentioned in the title papers for the land. Romine who is not .mentioned therein should have taken care to have his lien recorded, or to have given notice thereof; and the consequences of his omission should rest upon himself rather than upon McWhorter. I .am thus led to the conclusion that the Circuit court erred .in giving Romine a preference over McWhorter for his whole debt, instead of so much as McWhorter owed Cóx when first notified of the lien.
The decree should be reversed with costs, and the cause sent back to the Circuit court; that it be referred to a commissioner to ascertain in what amount McWhorter was indebted for the purchase when notified of Romine’s lien, and the land held liable for that amount only. • .
The -other judges concurred in the opinion of Samuels, J.